## Andrews B. Breed *et al. versus* Oliver Pratt.

A person under guardianship as *non compos mentis* may make a will, if he is in fact of sound mind at the time of its execution.

In the case of a will made by a person under guardianship as *non compos mentis*, appointing his guardian executor, and giving him a legacy, the executor is not estopped, by the fact of his guardianship, from showing that the testator, at the time of making his will, was of sound and disposing mind and memory.

Under such circumstances the fact of the testator's being under guardianship is *primâ facie* evidence of insanity and incapacity to make a will, and therefore it is incumbent on the executor to show, beyond a reasonable doubt, that the testator had both such mental capacity and such freedom of will and action, as are requisite to render a will legally valid.

THIS was a case of probate appeal, tried at the bar of this Court. The decision depended mainly upon questions of fact on the evidence, but some points of law were ruled in the course of the trial.

Oliver Pratt, the respondent, offered the will of Benjamin Sargent, late of Chelsea, for probate ; a will in which he was appointed executor, and was also the principal devisee. The appeal was taken by the heirs at law, who resisted the probate of the will. It appeared that Sargent, the testator, was a man of peculiar character and habits, and had long been under guardianship, as a person *non compos mentis*, and for several years past, and at the time of making the will, Pratt himself had acted as his guardian, but under letters of guardianship issued without notice to the ward, and therefore contended to be void. It further appeared, that Pratt had married the only daughter of the testator, but she had deceased without issue before the making of the will. The several questions discussed were, upon the legal capacity of the testator to make a will, his sanity, and fraud and imposition of parties interested in procuring its execution.

*J. Mason, Choate* and *Crowninshield*, for the appellants.

*Fletcher* and *Washburn*, for the appellee.

The opinion of the Court was delivered by          *July 2d.*

SHAW C. J. 1. In regard to the first exception, the Court are of opinion that the fact, that the testator was under guardianship at the time of the execution of the will, even had there been no exception to the legality and validity of the letters of

guardianship, did not *de facto* disqualify him from making a valid will, nor does it operate as conclusive evidence of insanity. This point is now to be. considered as settled by authority. *Stone v. Damon,* 12 Mass. R. 488.

Were this a new question it might perhaps deseive more consideration. The reasons in favor of adopting the rule, as assigned in the case cited, are certainly very strong ; a consideration the other way is, that to many purposes, a person under guardianship as *non compos,* cannot be regarded as acting *suo jure,* but his person and actions are to some extent under the control of others. But after all, this rather bears upon the question of fact, open to proof in each particular case, whether the testator did, in such particular instance, act freely and voluntarily, and had sufficient mental ability and intellectual power to perform the act. It is an act manifestly distinguishable from contracts and other acts to be done *inter vivos,* and involves no conflict of authority with the guardian in this respect, because the will cannot operate to any purpose, till the death of the testator, and by that same event, the authority of the guardian is determined.

2. The Court are also of opinion, that the executor in the present case is not estopped, by the fact of his guardianship, from showing that the testator, at the time of making his will, was of sound and disposing mind and memory. 1. Because the guardianship was *ipso facto* void in law, for want of notice to the ward ; *Chase v. Hathaway,* 14 Mass. R. 222 ; *Hathaway v. Clark,* 5 Pick. R. 490 ; for, although the guardian might be estopped *in pais,* by acts done as guardian, to deny the validity and sufficiency of such acts, it would not be on the ground of the void letter of guardianship, but on the ground of his having acted as such guardian. And 2. Because in this suit the executor claims to prove the will, not merely to establish his own bequests, but to establish the validity of the will, in order to give effect to the claims of all other persons having beneficial interests under it. In offering the will he acts as trustee for all persons interested. Though the executor has by far the largest interest in the present will, yet the same rule must apply as if his interest were a minor one. As an express, positive and legal incapacity, the fact of the existence of the

guardianship, had it been valid, did not disable the testator from making a will, nor did it operate by way of estoppel upon the guardian himself, to prohibit him, in the capacity of executor, from proving it. As evidence of actual influence, the void guardianship, understood and believed to exist, both by the testator and the executor, and to constitute the relation of guardian and ward between them, is to be considered as having the same effect as if it were in all respects valid.

3. The relation of guardian and ward, inasmuch as it places the person and property of the ward in the custody of the guardian, when a will is made, beneficial to the guardian, is to be taken as strong evidence, bearing upon the point of the mental capacity of the testator and his freedom of will and of action; but it is to be taken as evidence, which may be met and controlled by counter proofs. It is *primâ facie* evidence of insanity, and incapacity to make a will, and therefore it is incumbent on those who would establish the will, to show beyond reasonable doubt, that the testator had both such mental capacity, and such freedom of will and action, as are requisite to render a will legally valid.

Upon the questions of fact, the Chief Justice proceeded to examine and state the evidence, and pronounced the opinion of the Court establishing the will.

*Decree of Probate Court affirmed and proceedings remitted.*